## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Petitioner | * | |
| v | * | Civil Action No.JFM-12-2124 |
| BALTIMORE COUNTY CORRECTIONS | * | |
| Respondents | * | |

**************************************************************

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Petitioner | * | |
| v | * | Civil Action No.JFM-12-2239 |
| STATE OF MARYLAND | * | |
| Respondent | * | |

**************************************************************

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Petitioner | * | |
| v | * | Civil Action No.JFM-12-2240 |
| BALTIMORE COUNTY DEPT OF | * | |
| CORRECTIONS | * | |
| Respondent | * | |

***

## MEMORANDUM

The above-captioned petitions for writ of habeas corpus were filed on July 17 and 23, 2012.  Each petition challenges the legality of petitioner's detention in the Baltimore County Detention Center pending adjudication of violation of probation charges.  In each case, petitioner states charges of assault which were pending in Baltimore City were placed on the stet docket, nullifying the basis for the violation of probation warrant on which he is detained.  Despite this fact, he has been held in the custody of the Baltimore County Detention Center for 17 days. Petitioner maintains that his continued confinement is illegal because no bail has been set and he has not been given a hearing.[1]  He further asserts that he is entitled under the Constitution to habeas corpus relief from this court.  ECF No. 1. Because the petitions concern the same

---

[1] The Maryland Judiciary Case Search electronic docket indicates a request for bail review hearing was made on July 10, 2012.  http://casesearch.courts.state.md.us/inquiry.

challenge to petitioner's confinement and involve the same operative facts, they shall be consolidated for the purpose of this review.

Assuming petitioner is entitled to habeas corpus relief,[2] he must first seek that relief in state court before this court can reach the merits of any of his claims.  Pretrial federal habeas relief is available under 28 U.S.C. § 2241[3] if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court.  *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

In some circumstances, "considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power." *Francis v. Henderson*, 425 U.S. 536, 538 (1976).  Special circumstances justifying federal intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights.  *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to

---

[2] The court declines to comment on the merits of petitioner's claims.

[3] The petitions filed in Civil Actions No. JFM-12-2124 and JFM-12-2239 were construed as petitions filed pursuant to 28 U.S.C.§2241.  The petition filed in Civil Action No. JFM-12-2240 was construed as a petition filed pursuant to 28 U.S.C. §2254.  Petitions filed pursuant to §2254 are subject to the exhaustion requirement found in §2254(b) and (c) and petitions filed pursuant to §2241 are subject to exhaustion based on principles of comity.  *See Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010).

trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).  Petitioner's claims that he is illegally confined may be litigated in a state forum without harm to petitioner's constitutional rights. The matter of his bail review is currently pending before the Circuit Court for Baltimore County and the disposition of his violation of probation charges must be considered by the court that imposed the probationary term.  Thus, the petitions must be dismissed without prejudice for failure to exhaust state remedies.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c) (1).  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at §2253(c)(2).  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The court will not issue a COA because petitioner has not made the requisite showing.

A separate order dismissing the petitions without prejudice and denying a certificate of appealability follows.

___August 2, 2012_____              ___/s/_____
Date                                                    J. Frederick Motz
                                                        United States District Judge